IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge Gordon P. Gallagher

Civil Action No. 26-cv-01473-GPG

MARCELO RAMIREZ VILLASENOR, A221-489-912,

      Petitioner,

v.

GEORGE VALDEZ, Acting Field Office Director, Denver Field Office, Immigration and Customs Enforcement,
JUAN BALTAZAR, Warden of Denver Contract Detention Facility,
MARKWAYNE MULLIN, Secretary, Department of Homeland Security,
TODD BLANCHE, Acting U.S. Attorney General,

      Respondents.

---

## ORDER

---

Before the Court is Petitioner's Petition For Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Petition) (D. 1).

Petitioner Marcelo Ramirez Villasenor alleges that he "is in the physical custody of Respondents. Petitioner is detained at the Denver Contract Detention Facility in Aurora, CO" (D. 1 at 3).  Petitioner states that "the only criminal record he has is a traffic violation for having a broken taillight." (*id*. at 11).

Petitioner presented sufficient allegations to indicate Respondents will not, under current policy, provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) and instead purports to improperly detain Petitioner under § 1225(b)(2)(A) (D. 1 at 11–12).  *See Barreno v. Baltasar*, No. 25-CV-03017-GPG-TPO, 2025 WL 3190936, at *2 (D. Colo. Nov. 14, 2025) (finding immigrant

1

"not detained while attempting to enter the country and [without] other circumstances that would subject her to mandatory detention" was "entitled to a bond hearing"). The Government is constitutionally obligated to provide due process. *See Trump v. J.G.G.*, 145 S. Ct. 1003, 1006 (2025) (per curiam) ("'It is well established that the Fifth Amendment entitles aliens to due process of law' in the context of removal proceedings." (quoting *Reno v. Flores*, 507 U.S. 292, 306 (1993))). Expedited court intervention is sometimes necessary to prevent violations of due process rights during immigration proceedings. *See A.A.R.P. v. Trump*, 145 S. Ct. 1364, 1368 (2025) (granting TRO to prevent expedited deportation potentially violative of due process). The Court will order a response

Petitioner's counsel is directed to serve Respondents with a copy of the Petition and accompanying papers, along with a copy of this Order, by e-mail and by overnight mail; and promptly file proof of such service on the docket. Counsel for Respondents shall promptly enter notices of appearance, and, within seven days of service, Respondents are ORDERED TO SHOW CAUSE as to why the Petition should not be granted either requiring a bond hearing within seven days or Petitioner's release from custody. *See Yassine v. Collins,* No. 1:25-cv-00786-ADA-SH, 2025 WL 1954064, at *1 (W.D. Tex. July 7, 2025) (explaining that while § 2243 refers to a three day deadline, this requirement is "subordinate to the district court's authority to set deadlines" itself, and granting respondents a fourteen day deadline to respond in order to "give [r]espondents adequate time to brief the issues" (quotations omitted)); *Cortes, v. Noem,* No. 1:25-CV-02677-CNS, 2025 WL 2652880 (D. Colo. Sept. 16, 2025).

DATED April 9, 2026.

BY THE COURT:

_____
Gordon P. Gallagher
United States District Judge