IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge Gordon P. Gallagher

Civil Action No. 26-cv-01473-GPG

MARCELO RAMIREZ VILLASENOR, A221-489-912,

     Petitioner,

     v.

GEORGE VALDEZ, Acting Field Office Director, Denver Field Office, Immigration and Customs Enforcement,
JUAN BALTAZAR, Warden of Denver Contract Detention Facility,
MARKWAYNE MULLIN, Secretary, Department of Homeland Security,
TODD BLANCHE, Acting U.S. Attorney General,

     Respondents.

---

## ORDER

---

This matter returns to the Court on the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Petition) (D. 1) and the Emergency Motion to Enforce (Motion) (D. 11) filed by Petitioner Marcelo Ramirez Villasenor's (Petitioner). The Court exercises its discretion to rule without awaiting further briefing. *See* D.C.COLO.LCivR 7.1(d). For the reasons stated below, the Court GRANTS the Petition and the Motion and ORDERS Petitioner's IMMEDIATE release.

On April 21, 2026, the Court granted in part the Petition for a writ of habeas corpus, ordering Respondents to provide Petitioner with a bond hearing within seven days (D. 9). Respondents filed a Status Report Certifying Compliance with The Court's April 21, 2026, Order (D. 10). They stated that "Petitioner received a bond hearing before an Immigration Judge on April 28, 2026, and that Petitioner was granted release from custody upon payment of a $2,500

1

bond" (D. 10).    The Motion indicates with supporting exhibits that, notwithstanding the Immigration Judge's order granting release on bond, Petitioner has not been released because "Immigration and Customs Enforcement ('ICE') refuses to accept the payment" (D. 11 at 1).  The delay is, in part, due to Petitioner's counsel's issues in attempts to make the payment (D. 11-2). But the evidence also indicates Petitioner is not being released due to ICE refusing bond proffered twice within the times that ICE has indicated it will accept the bond (D. 11-6 at 6) ("Bond posting hours are Monday through Friday from 9 a.m. – 3 p.m. (excluding government holidays)."), https://www.ice.gov/detain/detention-management/bonds.

A district court may grant a writ of habeas corpus to any person who demonstrates she is "in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2241. The individual in custody bears the burden of proving that their detention is unlawful.  *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

The Court is satisfied that Petitioner has shown that his continued detention is unlawful because there is no legal basis to continue holding Petitioner when he has been granted bond and proffered the required payment in accord with ICE's stated policies.  *See Merchan-Pacheo v. Noem*, No. 1:25-CV-03860-SBP, 2026 WL 88526, at *17 (D. Colo. Jan. 12, 2026) (ordering immediate release from custody notwithstanding potential automatic stay under 8 C.F.R. § 1003.6(c)(4)).  Accordingly, the Petition (D. 1) is GRANTED and the Motion (D. 11) is GRANTED.  Respondents are ORDERED to IMMEDIATELY RELEASE MARCELO RAMIREZ VILLASENOR, A221-489-912 from custody and impose on him no conditions not specifically imposed by the Immigration Judge at his April 28, 2026 bond hearing or determined to be necessary at a later custody hearing through application of the burden set out by the Court in

its prior Order.  For clarity, the Court does not relieve Petitioner of his obligation to post a bond after his release whenever ICE deigns to receive it and only addresses the issue over which it has jurisdiction, ordering Petitioner's immediate release from custody.

DATED May 8, 2026.

BY THE COURT:

Gordon P. Gallagher
United States District Judge